# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| ROBERTO BARRERO, | ) |  |
|---|---|---|
|  | ) |  |
| Movant, | ) |  |
|  | ) |  |
| v. | ) | Case No. CV415-318 |
|  | ) | CR413-121 |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

# REPORT AND RECOMMENDATION

Roberto Barrero moves under 28 U.S.C. § 2255 to vacate his convictions for conspiracy and use of a firearm during and in relation to a drug trafficking offense. Doc. 396.[1] He also asks the Court to provide free or reduced cost copies of the docket sheet and various transcripts from his criminal case.[2] Doc. 398 at 4. Preliminary review under Rule 4

---

[1] All citations are to the criminal docket in CR413-121 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Barrero seeks transcripts of (1) first arraignment; (2) arraignment on the superseding indictment; (3) plea hearing; (4) presentence report hearing; and (5) sentencing hearing. Doc. 398 at 4.

of the Rules Governing 2255 Proceedings,[3] however, shows that his claims merit no free copies and that his motion should be denied.

I. BACKGROUND

In a previous Order, the Court informed Barrero that only after he "demonstrate[d] a non-frivolous claim" could he obtain transcripts. Doc. 402 at 1 (citing *Hansen v. United States*, 956 F.2d 245, 248 (11th Cir. 1992). His reply to that Order (doc. 405), though not the amended motion the Court called for,[4] contains some additional facts to supplement his otherwise conclusory original motion.[5]

---

[3] *See McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face, *see* 28 U.S.C. § 225[5] Rule 4. . . .").

[4] Barrero states that he "finds it difficult to determine exactly what type/form of information is requested by the Honorable Court." Doc. 405 at 7. The Court's Order, however, could not have been clearer. Barrero had to submit an amended § 2255 motion that included factual allegations. Doc. 402 at 7. Although he missed that boat in form (he filed a reply brief, not an amended motion), his attempt to plead additional facts (*see* doc. 405 at 7-10) saves him from a dismissal recommendation for failure to follow a court order. *See* Local Rule 41(b).

[5] Ground one of his § 2255 motion alleges ineffective assistance of counsel (IAC) against trial counsel Joshua Lowther. Doc. 396 at 4. Barrero contends, without offering any supporting facts, that Lowther failed to (1) investigate; (2) know the law; (3) explain "the plea agreement in a complete and truthful manner;") (4) challenge the sufficiency of the indictments; (5) obtain discovery and present it to Barrero; (6) challenge the grand jury proceedings; (7) interview witnesses; (8) present mitigating evidence at sentencing; and (9) "present [a] realistic option of [going to] trial rather than plea due to cumulative failures." *Id.*

Barrero says that Lowther[6] initially told him that "he had a good case," and that Lowther would "fight hard." Doc. 405 at 7. He led

---

Ground two targets Barrero's appellate counsel (also Lowther), alleging that he committed IAC by failing to (1) preserve issues; (2) "actively engage and cooperate with" Barrero; (3) "argue the upward variance issue correctly;" (4) not "caus[] default or forfeiture of claims and issues;" (5) seek leave to permit a supplemental *pro se* brief on appeal by Barrero; (6) file for rehearing en banc; and (7) file for a writ of *certiorari*. Doc. 396 at 5. Like ground one, ground two contains no supporting facts.

Ground three targets pre-plea prosecutorial conduct. In its entirety:

Conduct before the grand jury to obtain indictment, preparation/presentation of the plea agreement then requesting upward departure in violation of the spirit of the plea and petitioner's 5K1-type assistance (fully acknowledged by Govt.), presenting plea on incorrect or factually-infirm terms not directly related to the actual indicted counts and petitioner's actual conduct. Investigational illegalities (*Kyles v. Whitley* transference from law enforcement to prosecutor), *Brady*/Rule 16 violations (non-full disclosure timed with plea offer to coerce or unfairly influence petitioner to plea, Rule 41 evidence illegalities, conduct concerning other indicted parties, to strategize against the other, when the ultimate strategy was to purposely subvert the 5K1 and plea through the pre-planned motions for upward variance outside the guidelines range in question.

Doc. 396 at 7.

Finally, ground four argues the district judge erred at sentencing because "[t]he sentence does not comport with . . . 11th Circuit jurisprudence," is unreasonable, and rests on "insufficient grounds." *Id.* at 8.

[6] In his § 2255 motion, Barrero contends that "[o]riginal counsel never appeared" at his "preliminary hearing," and that Lowther "presented himself to Petitioner as 'I'm your attorney.'" Doc. 396 at 10. The docket and plea hearing transcript reflect a different story. By at least July 8, 2013, before his arraignment on a second superseding indictment, Barrero *retained* Lowther. *See* doc. 66 (notice to retained counsel); Doc. 6 at 14 ("Q: Now, Mr. Lowther, you were retained in this case? A. Yes, Your Honor.").

This Court tolerates no lies. *See Johnson v. Chisolm*, 2011 WL 3319872 at * 1 n. 3 (S.D. Ga. Aug. 1, 2011) ("This Court does not hesitate to invoke dismissal and other sanctions against inmates who lie to or otherwise deceive this Court."); *see also Moss*

3

Barrero to believe that "trial was truly a viable option." *Id.* "Without prior indication or warning," however, Lowther "suddenly announced that a plea agreement was the only viable option." *Id.*

Lowther tried to "persuade/convince/misadvise/dupe" Barrero into pleading guilty by setting forth "in verbal and also in written form . . . that [he] would receive no more than 10 years for a sentence." Doc. 405 at 7-8. "[W]hen you add in time served before sentencing," and reductions for good behavior, "10 years," Lowther said, would amount to something short of eight years served in prison. *Id.* at 8. He "guaranteed that outcome, but did not make the necessary arrangements" in the plea agreement. *Id.* That guarantee, says Barrero,

---

*v. Premiere Credit of N. Am.*, LLC, CV411-123, doc. 54 (S.D. Ga. Mar. 6, 2013) (Eleventh Circuit Order: "Moss's [IFP on appeal] motion is DENIED because her allegation of poverty appears to be untrue in light of her financial affidavit and filings in the district court."). Barrero is reminded that lying in a document signed under penalty of perjury, like his § 2255 motion, is a criminally prosecutable offense. *See United States v. Roberts*, 308 F.3d 1147, 1155 (11th Cir. 2002) (defendant's falsely subscribing to statement in his habeas petition that he had not previously filed a § 2255 motion was "material" for purposes of perjury prosecution; statement fooled the clerk of the court into accepting the "writ" for filing, and led the magistrate judge to consider its merits until she discovered that the "writ" was a successive § 2255 motion in disguise); *United States v. Dickerson*, CR608-36, doc. 1 (S.D. Ga. Dec. 11, 2008) (§ 2255 movant indicted for perjury for knowingly lying in his motion seeking collateral relief from his conviction); *Id.*, doc. 47 (guilty verdict), cited in *Irick v. United States*, 2009 WL 2992562 at * 2 (S.D. Ga. Sept. 17, 2009); *see also Colony Ins. Co. v. 9400 Abercorn, LLC*, 866 F. Supp. 2d 1376, 1378 n. 2 (S.D. Ga. 2012).

also caused Lowther to abandon any "investigations into the case," or "plans to interview/depose witnesses, obtain the discovery, etc." *Id.* at 9.

Counsel also "never provided to [Barrero] any discovery, evidence, Rule 41 inventories, [or] procedural forms of the investigation and arrest." Doc. 405 at 9. Still, Lowther fully recommended the plea deal and "intimated that delay was bad," and that asking for discovery would anger the Government, which might cause it to withdraw the plea offer. *Id.* That conduct "had a coersive [sic] effect on Petitioner" and led Lowther to "not have anything prepared for trial, should that contingency [have] arise[n]." *Id.*

After Barrero pled guilty, Lowther advised him not to challenge "small errors" in the Presentence Investigation Report (PSI) because the associated delay "would have angered the Government and possibly the Court . . . and would not matter in sentencing" anyway. Doc. 405 at 9. He also "never informed Petitioner about the meaning and true application in a real world setting of the legal term, 'upward departure.'" *Id.* Ultimately, Lowther's "poor preparation for sentencing [and] lack of the required knowledge of law" necessary to argue "on the spot" at sentencing "insufficiently preserved" Barrero's "§ 3553 argument" for

5

appeal. Lowther also "was ineffective as appellate counsel, due to the limited grounds and arguments set forth in the [appellate] brief,[7] either as a result of [his] ineffective district court conduct, or as an ill-advised choice of issue (exclusive of all other issues and specific requests of Petitioner on appeal)." Doc. 405 at 10 (footnote added).

## II. ANALYSIS

To begin, Barrero waived his trial-IAC and prosecutorial misconduct claims by entering a knowing and voluntary guilty plea. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) ("When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea."); *Keye v. Perry*, 2015 WL 3902330 at * 3 (S.D. Ga. June 24, 2015), *adopted*, 2015 WL 5116830 (S.D. Ga. Aug. 28, 2015) ("A knowing and voluntary guilty plea waives all non-jurisdictional, pre-plea defects, including ineffective assistance of counsel with respect to issues not implicating the voluntariness of the

---

[7] On appeal, Barrero argued only that his sentence for carrying a firearm during a drug trafficking offense (180 months, which was 60 months above-Guidelines, but well below the statutory maximum) was substantively unreasonable. *United States v. Barrero*, 578 F. App'x 884, 885 (11th Cir. 2014).

plea.") (citing *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir.1992)).

The plea hearing transcript shows that Barrero knowingly and intelligently pled guilty. He testified that he understood the rights he gave up by pleading guilty. *See* doc. 6 at 17-18. He was "very happy" with Lowther's representation, *id.* at 23, and stated unequivocally that he understood the charges he faced. *Id.* at 25-26. He understood the possible sentences he faced, that the Court had no obligation to accept the Probation Officer's sentencing recommendation, that Lowther's estimated sentence might be wrong, and that conduct underlying dismissed charges could still impact his sentence. *Id.* at 28. He also confirmed that he understood the appeal and collateral attack waivers his agreement contained. *Id.* at 31-33. Barrero made clear that no one coerced his plea, threatened him, otherwise pressured him into pleading guilty, and that he "answered truthfully every question" asked of him at the hearing. *Id.* at 33, 36.

Nothing he now asserts undermines that sworn testimony.[8] Because the transcript shows that he knowingly and voluntarily pled guilty, all of Barrero's trial-IAC and prosecutorial misconduct claims fail.

---

[8] Although § 2255

> exists "to safeguard a person's freedom from detention in violation of constitutional guarantees," . . . "[m]ore often than not a prisoner has everything to gain and nothing to lose from filing a collateral attack upon his guilty plea." [*Blackledge v. Allison*, 431 U.S. 63, 71, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977)]. As a result, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Id.* at 73–74, 97 S.Ct. 1621; *see id.* at 80 n. 19, 97 S.Ct. 1621 (explaining that if the record reflects the procedures of plea negotiation and includes a verbatim transcript of the plea colloquy, a petitioner challenging his plea will be entitled to an evidentiary hearing "only in the most extraordinary circumstances"). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Id.* at 74, 97 S.Ct. 1621.

*Taylor v. United States*, 2016 WL 742118 at * 6 (S.D. Ga. Feb. 24, 2016) (quoting *Winthrop–Redin v. United States*, 767 F.3d 1210, 1216 (11th Cir. 2014)), *adopted* 2016 WL 1047050 (S.D. Ga. Mar. 10, 2016).

In the face of "sworn testimony in a thorough and wide–ranging plea colloquy that he pled voluntarily and intelligently, and unsworn, self–serving testimony to the opposite effect at a time when [Barrero] has every incentive to embellish, *see Winthrop–Redin*, 767 F.3d at 1216, the Court finds the plea testimony dispositive." *Taylor*, 2016 WL 742118 at * 6.

The same is true regarding Barrero's claim that Lowther failed to explain the plea agreement, and any other allegations that can be read to attack the validity or voluntariness of his plea (and thus escape a *Tollett* bar). Barrero specifically testified at his change-of-plea hearing that Lowther provided excellent representation and fully explained the plea agreement. Doc. 6 at 23, 34 ("Q: And have you signed the plea agreement? . . . A. Yes, Your Honor. And I have a copy of it too. Q: And did [Lowther] answer your questions and explain it to you? A. Yes, Your Honor."). Now he says the opposite happened and doesn't even try to offer a reason for contradicting his own guilty-plea testimony. Such "conclusory allegations unsupported by

Even if he hadn't waived those claims, Barrero's failure to plead any supporting facts independently dooms them, as well as his IAC-on-appeal claims. Under § 2255's heightened pleading standard, his "allegations must be factual and specific, not conclusory. Conclusory allegations are simply not enough to warrant a hearing." *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011); *see also Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (applying a heightened pleading requirement in habeas cases and noting that "[t]he evidence supporting an [IAC] claim is available following the conviction, if not before. Whatever the claim, though, the petitioner is, or should be, aware of the evidence to support the claim before bringing his petition."); *Gerwald v. United States*, 2014 WL 1681506 at * 3 n. 5 (S.D. Ga. Apr. 28, 2014). Thus, § 2255 petitioners:

> cannot simply laundry-list their claims and hope that the court will develop (hence, litigate) them on their behalf. *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations"); *Rodriguez v. United States*, 473 F.2d 1042, 1043 (5th Cir. 1973) (no hearing required where petitioner alleged no facts to establish truth of his claims beyond bare conclusory allegations). *Jeffcoat v. Brown*, 2014 WL 1319369 at * 8 (S.D. Ga. Mar. 27, 2014); *Bartley v.*

---

specifics" do nothing to undermine his plea's validity. *Winthrop–Redin*, 767 F.3d 1210, 1216

9

*United States*, 2013 WL 6234694 at * 2–3 (S.D. Ga. Dec. 2, 2013) (§ 2255 claims bereft of argument and citation to the record may be denied on pleading-deficiency grounds alone).

*Kennedy v. United States*, 2016 WL 354072 at * 1 (S.D. Ga. Jan. 8, 2016), *adopted*, 2016 WL 335876 (S.D. Ga. Jan. 27, 2016).

Barrero's IAC-on-appeal, prosecutorial-misconduct (and several of his trial-IAC claims)[9] contain nothing but legal conclusions. He complains, for example, that Lowther failed to preserve issues, file for rehearing *en banc*, and that the prosecutor presented the "plea on incorrect or factually-infirm terms not directly related to the actual indicted counts and petitioner's actual conduct." Doc. 396 at 7. He never says what issues Lowther should have preserved, how doing so would have been outcome-determinative here, or otherwise identifies any factually infirm guilty-plea terms. Again, mere conclusions will not suffice, so his IAC-on-appeal and prosecutorial-misconduct claims, like his *Tollett*-barred claims, fail.

Finally, Barrero's sentencing claims fall because (1) the Eleventh Circuit already decided one (substantive unreasonableness) on direct appeal, *see United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000)

---

[9] As discussed above, those trial IAC claims that do contain factual allegations nevertheless fail because of Barrero's plea hearing testimony.

("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under § 2255."), and (2) he defaulted the others (that his sentence rests on "insufficient grounds," and "does not comport with . . . 11th Circuit jurisprudence," doc. 396 at 8) by not raising them on direct appeal.[10] *See Lynn v. United States*, 365 F.3d 1225, 1232 (2004) ("[C]ollateral collateral review is not a substitute for a direct appeal," so "defendant[s] must assert all available claims on" at that stage).

### III. CONCLUSION

Accordingly, Barrero's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Section 2254 Cases ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Given his claims' frivolity, his motion

---

[10] Although default may be overcome by showing cause and prejudice, *see Watts v. United States*, 2016 WL 775798 at * 3 (S.D. Ga. Feb. 25, 2016), Barrero makes no attempt to show either here.

to produce documents is **DENIED** except that the Clerk is **DIRECTED** to include a copy of the docket sheet when it mails Barrero his service copy of this Report and Recommendation. Doc. 398.

**SO REPORTED AND RECOMMENDED**, this  28th  day of March, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA